**Simon GEORGE, Plaintiff,**

v.

**GTE DIRECTORIES CORP., Defendant.**

**No. 98–1862–CIV–T–24A.**

United States District Court,
M.D. Florida,
Tampa Division.

June 27, 2000.

Nicholas E. Karatinos, Seeley & Karatinos, P.A., St. Petersburg, FL, Anna S. Lykoudis, Lykoudis & Associates, P.A., Tampa, FL, co-counsel for plaintiff.

John W. Campbell, Vincent Ross Spano, Malfitano, Campbell & Dickinson, Tampa, FL, for defendant.

## ORDER

RODRIGUEZ, District Judge.

This matter is before the Court upon the motion of Defendant, GTE Directories Corp., for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) or, in the alternative, for new trial pursuant to Fed.R.Civ.P. 59. The Court, having considered the submissions of the parties, will deny the Defendant's motion.

### I. Background

Plaintiff, Simon George (the "Plaintiff"), who is African–American, filed the instant action against defendant GTE Directories, Corp. (the "Defendant") alleging (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981; (2) retaliatory termination in violation of Title VII and § 1981.[1]

The Plaintiff worked as an electrician in the Defendant's printing plant from December 1994 until he was terminated on September 16, 1996. Plaintiff alleged that the Defendant terminated his employment and treated him less favorably than white employees with respect to "discipline, job opportunities (overtime), pay and other terms and conditions of employment" because of his race. He further alleged that he was fired in retaliation for a discrimination charge he

---

1. Plaintiff also asserted a claim of disability discrimination in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* By order dated February 4, 2000, the Court granted the Defendant's motion for summary judgment on the Plaintiff's FMLA claim. Thus, only the Plaintiff's Title VII and § 1981 claims remained for trial.

filed with the St. Petersburg EEOC on August 8, 1996.

On March 28, 2000, following a six-day trial, a jury returned a verdict in favor of the Defendant on Plaintiff's claim for race discrimination. However, the jury found that the Defendant had retaliated against the Plaintiff in violation of Title VII. The jury awarded the Plaintiff $7,500 in back pay, $1.00 in compensatory damages, and $7,500 in punitive damages, for a sum of $15,001.00.

Defendant timely filed its renewed motion for judgment as a matter of law or, in the alternative, for a new trial. The Plaintiff filed a motion for attorney's fees, which the Defendant opposes. At this time, the Court addresses only the Defendant's motion.

## II. Discussion

### A. Defendant's Renewed Motion for Judgment as a Matter of Law

■■■ Defendant's renewed motion for judgment as a matter of law is governed by Fed.R.Civ.P. 50(b) which provides, in pertinent part, as follows:

If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment—and may alternatively request a new trial or join a motion for a new trial under Rule 59. . . .

Fed.R.Civ.P. 50(b). A district court, when considering the merits of a motion under Rule 50(b), must view all of the evidence adduced at trial and draw all reasonable inferences in the light most favorable to the nonmoving party. *Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir.1999). The trial judge may not re-weigh the evidence, make credibility determinations or substitute its judgment for that of the jury. Moreover, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, — U.S. —, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (citing 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2529, p. 300 (2d ed.1995)). "[T]he trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. . . . If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). In this case, relief under Rule 50(b) is not warranted.

The Defendant argues that judgment as a matter of law should be granted in its favor because the Plaintiff produced insufficient evidence to establish a prima facie case of retaliation. Specifically, the Defendant argues that "[o]ther than the temporal proximity of Defendant's decision to terminate Plaintiff, which Plaintiff controlled, Plaintiff's "evidence" was not sufficient for a reasonable jury to have concluded that Defendant retaliated against Plaintiff. And standing alone, the temporal proximity of an adverse employment decision, without more, is insufficient to make out a retaliation claim." Def. Br. at 3. As demonstrated below, the Defendant's argument is without merit because it is not supported by Eleventh Circuit precedent or the trial record in this case.

■■■ To establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) he engaged in a protected activity; (2) the defendant employer was aware of that activity; (3) the plaintiff suffered an adverse employment action; and (4) there was a causal link between his protected activity and that adverse employment action. *Maniccia v. Brown*, 171 F.3d 1364, 1369 (11th Cir. 1999). *But see Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir.1999) (breaking down prima facie case into three elements). Establishment of a prima facie case creates a presumption of retaliation and shifts the burden to the defendant to show that it had a legitimate non-retaliatory reason for its adverse employment decision. *Meeks v. Computer Assoc. Intern.*, 15 F.3d 1013, 1019 (11th Cir.1994) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S.

248, 255–56, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) and *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir.1992)).

Once the defendant meets this burden by offering "sufficient" evidence of a non-retaliatory reason for its action, the presumption of discrimination "drops out of the picture." *See Reeves,* 120 S.Ct. at 2106–07 (citations omitted). The plaintiff may then establish that he was the victim of retaliation by proving "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for" retaliation. *Reeves,* 120 S.Ct. at 2106–07 (quoting *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089). To establish pretext, "it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation.... Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves,* 120 S.Ct. at 2108–09.

Applying these principles to the facts of this case, the Court will consider the evidence submitted by the Plaintiff in support of his prima facie case for the purpose of determining whether a reasonable jury could believe that the Defendant's proffered non-retaliatory reason was not the real reason for the discharge, but was instead a "pretextual ruse for retaliation." *Farley,* 197 F.3d at 1337. Despite the Defendant's urging, however, the Court declines to "revisit the existence of a prima facie case." *Gupta v. Florida Board of Regents,* 212 F.3d 571, 586–87 (11th Cir.2000) (citing *Combs v. Plantation Patterns,* 106 F.3d 1519, 1539 n. 11 (11th Cir.1997), *cert. denied,* 522 U.S. 1045, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998)). The Defendant introduced evidence at trial to show that the Plaintiff was legitimately discharged because of poor and unreliable performance. As a result, whether the Plaintiff established a prima facie case of retaliation "is no longer

relevant" *Combs,* 106 F.3d at 1539 n. 11 (quoting *Richardson v. Leeds Police Dep't,* 71 F.3d 801, 806 (11th Cir.1995) ("When the trier of fact has before it all the evidence needed to decide the ultimate issue of whether the defendant intentionally discriminated against the plaintiff, the question of whether the plaintiff properly made out a prima facie case 'is no longer relevant.' ")).

The Court notes, however, that the Defendant does not contend that the Plaintiff failed to produce sufficient evidence of three of the four elements of his prima facie case. Indeed, it is indisputable that the Plaintiff's filing of a complaint with the St. Petersburg EEOC constituted protected conduct under Title VII. Turning to the second element, the Defendant conceded that it was aware of these activities prior to the Plaintiff's discharge. Third, a discharge qualifies as an adverse employment action. *Gupta,* 212 F.3d at 587–88. Therefore, the threshold issue is whether the Plaintiff presented sufficient evidence for a reasonable jury to find a causal connection between his protected conduct and his termination, and that the Defendant's stated reason for firing him was pretext for retaliation.

The Defendant argues that the "only" evidence of a causal link offered by the Plaintiff was the temporal proximity between his protected activity and discharge, and that mere temporal proximity is not, standing alone, sufficient for a reasonable jury to find retaliation by the Defendant in violation of Title VII. As support for this specific legal argument, the Defendant relies exclusively on cases from other jurisdictions. The Court notes, however, that the Eleventh Circuit has *expressly* addressed this issue and disagreed with the Defendant's proposition. *See, e.g., Farley,* 197 F.3d at 1337, and cases cited therein.

■■■ The Eleventh Circuit construes "the causal link requirement broadly" so that a plaintiff must show only "that the protected activity and the negative employment action are not completely unrelated." *Meeks,* 15 F.3d at 1021 (citations omitted). *Compare Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 280 n. 6 (3rd Cir.2000) (declining to follow *Farley* in light of Eleventh Circuit's

"less stringent test for causation"). Contrary to the Defendant's assertions, "close temporal proximity" may be sufficient to establish a causal nexus between the protected activity and the adverse action. *Gupta*, 212 F.3d at 589–90 (citing *Farley*, 197 F.3d at 1337). Moreover, the record belies the Defendant's argument that the evidentiary basis of Plaintiff's retaliation claim was confined solely to the "temporal proximity" between the filing of his EEOC complaint and discharge. To the contrary, construing the record in the Plaintiff's favor, he adduced sufficient circumstantial evidence to establish the requisite causal link and to cause a reasonable jury to reject as pretextual the Defendant's proffered reason for firing him.

The Plaintiff introduced evidence at trial of the temporal proximity between the filing of his EEOC complaint and discharge. Specifically, Plaintiff showed that he filed a charge of discrimination against the Defendant with the St. Petersburg, Florida EEOC on August 8, 1996. His supervisors admitted that they became aware of this protected conduct shortly after the complaint was filed. Six weeks later, on September 16, 1996, the Plaintiff was fired. This time frame is sufficiently short to establish an inference of causation for purposes of a prima facie case. *See Farley*, 197 F.3d at 1337 (finding seven weeks between filing of EEOC complaint and discharge "sufficiently proximate to create a causal nexus for purposes of establishing a prima facie case.").

The Defendant argues that the Plaintiff controlled the timing of events leading up to his termination. Specifically, the Defendant contends that the Plaintiff himself caused the temporal proximity between the filing of his claim and his discharge because he failed to report for an on call emergency on the morning of August 12, 1996, just four days after he filed his EEOC complaint. Def.Br. at 4. He then failed to report to work the weekend of Sept. 14–15, 1996. The Court finds the Defendant's argument without merit. It demonstrates the existence, not the absence, of genuine issues of material fact. Moreover, the Defendant introduced this evidence at trial and presented this argument to the jury. When considered in the context of the

entire record and from the light most favorable to the Plaintiff, a reasonable jury, weighing the evidence and making credibility determinations in the Plaintiff's favor, could have rejected the Defendant's arguments and decided in the Plaintiff's favor, just as the jury did in this case.

As further evidence of a causal nexus, the Plaintiff offered evidence to show increased scrutiny by management following the filing of his EEOC complaint. For example, his supervisor, Bill McNulty, allegedly placed adverse employment notes in his personnel file without notifying the Plaintiff. In addition, when the Plaintiff failed to respond to an "on-call" emergency because he claimed he was suffering side effects from his medication. Mr. McNulty instructed him to get a letter from his doctor explaining his work limitations. The Plaintiff produced a note explaining his medications and their potential side-effects. Mr. McNulty was not satisfied and insisted on a more specific doctor's note.

The Defendant argues that these requests were warranted in order to protect the Plaintiff and his co-workers. Thus, no reasonable jury could have found in the Plaintiff's favor based on this evidence. Again, the Defendant's argument is unpersuasive. The Defendant's argument merely identifies isolated issues of material fact that were appropriately left to the jury. A reasonable jury, making all reasonable inferences and credibility determinations in the Plaintiff's favor, could have questioned the reasonableness of, and motives behind, McNulty's insistence on additional notes.

The Plaintiff also offered evidence to suggest that the Defendant gave inconsistent reasons for terminating his employment. For example, various documents that were allegedly completed at the time of his discharge stated inconsistent reasons for his termination, such as insubordination and poor performance.

In its motion, the Defendant reiterates the argument it presented at trial, namely that the reason for these inconsistencies is that the various documents relied upon by the Plaintiff were created by different individuals for different purposes. For example, certain documents were designed as internal docu-

ments for "rehire" purposes and were not used official termination records.

Under the Rule 50(b) standard set forth above, however, the Court will not direct a verdict based on the Defendant's favorable interpretation of the evidence. *See Reeves,* 120 S.Ct. at 2110. When construed in the light most favorable to the Plaintiff, a reasonable jury could reach diametrically different conclusions from the same evidence, and find that the inconsistent reasons cited for the Plaintiff's termination were pretextual.

In sum, the Defendant's arguments are unpersuasive because they fail to demonstrate the absence of a material issue of fact as to whether the Defendant's stated reasons for discharging the Plaintiff were pretextual. When taken as a whole and construed in the light most favorable to the Plaintiff, a reasonable jury could disagree with the Defendant's interpretation of the evidence and instead conclude that the Defendant's proffered reason for firing the Plaintiff was a "pretextual ruse for retaliation." The Court will not direct a verdict merely because the jury did not make the credibility determinations or reach the conclusions sought by the Defendant. Accordingly, Defendant's renewed motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) will be denied.

## B. Defendant's Motion for New Trial

■ Because the Court will deny the Defendant's renewed motion for judgment as a matter of law under Rule 50(b), it now turns to the Defendant's motion, in the alternative, for new trial. A motion for new trial pursuant to Fed.R.Civ.P. 59 is distinct from a renewed motion for judgment as a matter of law under Rule 50(b) and is governed by a less stringent standard. Pursuant to Rule 59, a trial judge may grant a new trial for any reason recognized at common law, even where there is substantial evidence supporting the verdict. However, a judgment should not be set aside "merely because the losing party can probably present a better case on another trial." *Ball v. Interoceanica Corp.,* 71 F.3d 73, 76 (2d Cir.1995), *cert. denied,* 519 U.S. 863, 117 S.Ct. 169, 136 L.Ed.2d 111 (1996) (citations omitted). Rather, the

trial judge must determine "if in his opinion, 'the verdict is against the clear weight of the evidence ... or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.' ... [T]o assure that the judge does not simply substitute his judgment for that of the jury, ... we have noted that new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."

*Insurance Co. of North America. v. Valente,* 933 F.2d 921, 923 (11th Cir.1991) (quoting *Hewitt v. B.F. Goodrich Co.,* 732 F.2d 1554, 1556 (11th Cir.1984)) (some internal quotation marks omitted). Even where there are insufficient grounds for granting a renewed motion for judgment as a matter of law, a motion for new trial may be granted where the verdict is against the great weight of the evidence. *See Dudley v. Wal–Mart Stores,* 166 F.3d 1317, 1320 n. 3 (11th Cir.1999).

■ In this case, however, a new trial is not warranted. As the preceding discussion suggests, the Court finds that the jury's verdict is *not* against the great weight of the evidence, nor will it result in a miscarriage of justice. Accordingly, Defendant's motion for new trial pursuant to Fed.R.Civ.P. 59 will be denied.

## III. Conclusion

For the foregoing reasons,

IT IS ORDERED on this 27th day of June, 2000, that the Defendant's renewed motion for judgment of acquittal pursuant to Fed.R.Civ.P. 50(b) or, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 59 is hereby ***DENIED.***